**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4463**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JARVIS SENTIEL CUNNINGHAM,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Spartanburg. Timothy M. Cain, District Judge. (7:13-cr-00507-TMC-1)

Submitted: December 16, 2014          Decided: December 18, 2014

Before DUNCAN and DIAZ, Circuit Judges, and DAVIS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Benjamin T. Stepp, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant. Carrie Fisher Sherard, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jarvis Sentiel Cunningham pled guilty, without a plea agreement, to possession with intent to distribute and distribution of a quantity of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2012). The district court sentenced Cunningham to 151 months' imprisonment, the bottom of his advisory Guidelines range. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Cunningham's sentence is reasonable. Cunningham has filed a pro se supplemental brief, challenging his conviction and sentence. We affirm.

We review Cunningham's sentence for reasonableness "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). A sentence is procedurally reasonable if the court properly calculates the defendant's advisory Guidelines range, gives the parties an opportunity to argue for an appropriate sentence, considers the 18 U.S.C. § 3553(a) (2012) factors, does not rely on clearly erroneous facts, and sufficiently explains the selected sentence. Id. at 49-51. After reviewing the sentencing transcript pursuant to Anders, we conclude that Cunningham's sentence is procedurally reasonable. Cunningham has also failed to rebut the presumption that his within-Guidelines sentence is

substantively reasonable. See United States v. Louthian, 756 F.3d 295, 306 (4th Cir.) (explaining presumption), cert. denied, 135 S. Ct. 421 (2014).

Cunningham argues in his pro se supplemental brief that counsel rendered ineffective assistance by misadvising him of the potential penalties. Unless an attorney's ineffectiveness conclusively appears on the face of the record, ineffective assistance claims are not generally addressed on direct appeal. United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008). Instead, such claims should be raised in a motion brought pursuant to 28 U.S.C. § 2255 (2012), in order to permit sufficient development of the record. United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010). Because there is no conclusive evidence of ineffective assistance of counsel on the face of the record, we conclude that Cunningham's claim should be raised, if at all, in a § 2255 motion.

Finally, Cunningham asserts in his pro se supplemental brief that his conviction violated the Constitution because his drug dealing did not affect interstate commerce. We conclude that Cunningham's conviction was well within the bounds of the Constitution and reject this claim. See United States v. Leshuk, 65 F.3d 1105, 1111-12 (4th Cir. 1995) (rejecting Commerce Clause challenge to § 841(a)(1)).

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Cunningham, in writing, of the right to petition the Supreme Court of the United States for further review. If Cunningham requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Cunningham. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>